GIDEON DUNHAM *vs.* HENRY MONELL.

Where two justices adjudge that a person, who is charged with being the father of a bastard or of a child likely to be born a bastard, is such father, they are to make an order of filiation, &c., and "shall certify the reasonable costs of apprehending and securing the said father, and of the order of filiation" (1 R. S., 644, § 13, subd. 4). The justices' order determining the amount of such costs, can not be reviewed collaterally. (*a*)

ERROR to the court of common pleas in the county of Genesee. The facts of the case are sufficiently stated in the opinion.

*J. H. Martindale,* for plaintiff in error.

*J. D. Merrill,* for defendant in error.

*By the Court,* BEARDSLEY, J. Where two justices, acting under the statute, adjudge that a person, who is charged with being the father of a bastard or of a child likely to be born a bastard, is such father, they are to make an order of filiation, &c., and the statute declares " they shall certify the reasonable costs of apprehending the said father, and of the order of filiation." '(1 R. S., 644, § 13.) The person adjudged to be the reputed father is to pay the costs so certified and give bond for the support of the child, or to appear at the next court of general sessions, and if he refuse or neglect to give such bond or to pay the costs and charges so certified, he is to be committed to the common gaol of the county. (§§ 14, 15.)

Where a warrant is issued for the arrest of the reputed father of a bastard or of a child likely to be born a bastard, it is to be served by a constable, who is to detain such person in his custody during the examination, and until he is discharged by the justices, &c. (§ 17, and see § 6.)

(*a*) See *Thayer* v. *Overseers of the Poor of Hamilton,* 5 Hill, 443.

48

It appears from the testimony that on an examination before two justices, they determined that Dunham (the plaintiff below and defendant in error) was the father of a child likely to be born a bastard, and an order of filiation, &c., was thereupon made. Said justices also made an order that Dunham should pay the costs of his apprehension and of conducting the proceedings, the whole amount being adjudged by said justices at forty-six dollars and ninety-six cents, of which the bill of said Monell, as claimed and allowed by the justices, was seventeen dollars and twelve cents. Dunham proposed to give a bond to appear at the next court of general sessions, but was required by the justices to pay the costs (forty-six dollars and ninety-six cents), and he did so, and the seventeen dollars and twelve cents were accordingly paid to Monell in satisfaction of the sum so allowed to him.

Dunham subsequently brought his action against Monell, to recover treble damages under the statute (2 R. S., 651, § 7) for extortion, alleging that eight dollars or more of the sum received by Monell were unlawful fees. After hearing the testimony on the part of the plaintiff, by which the facts appeared as they have been stated, the justice nonsuited the plaintiff, but on certiorari this judgment was reversed by the court of common pleas, and the judgment of reversal is brought here by writ of error.

We think the judgment of the court of common pleas was erroneous. The two justices had power, and it was their duty to determine the amount of the " reasonable costs of apprehending and securing the said father, and of the order of filiation," and they adjudged the same at forty-six dollars and ninety-six cents. This was a judicial act; the judgment of a competent court, having complete jurisdiction over both person and subject matter. The justices had authority to adjudge the amount, and until their determination is reversed, it is conclusive between the parties. No court is authorized, in a collateral way, to review the question; the decision, while it exists, being an insuperable barrier. (1 Phil. Ev., 333, 380, 382; Cowen and Hill's notes, 586, 691, 692, 703; *Supervisors of Onondaga* v. *Briggs*, 2 Hill,

135; 5 id., 443; same case again before the court and decided at term 1843.)

The judgment of the common pleas must be reversed and that of the justice affirmed.

Judgment accordingly.